BEFORE THE SECOND DIVISION, NOVEMBER 21, 1951

**No. 56056.**—John S. Connor *v.* United States, protest 162484–K (Baltimore).

Opinion by LAWRENCE, J. It was stipulated that certain items of the merchandise consist of aluminum scrap; that said scrap is a nonferrous material in chief value of metal; and that it is secondhand or waste or refuse, fit only to be remanufactured. Upon the agreed statement of facts, it was held that the merchandise comes within the provisions of Public Law 869, *supra,* and is properly entitled to free entry.

**No. 56057.**—John S. Connor *v.* United States, protest 170325–K (Baltimore).

Opinion by LAWRENCE, J. It was stipulated that certain items of the merchandise consist of steel scrap; that said scrap is a ferrous material in chief value of metal; and that it is secondhand or waste or refuse, fit only to be remanufactured. Upon the agreed statement of facts, it was held that the merchandise comes within the provisions of Public Law 869, *supra,* and is properly entitled to free entry.

**No. 56058.**—American Express Company et al. *v.* United States, protests 170663–K, etc. (New York).

Opinion by LAWRENCE, J. The protests were dismissed.

**No. 56059.**—Art News et al. *v.* United States, protests 172170–K, etc. (New York).

Opinion by LAWRENCE, J. The protests were dismissed.

NOVEMBER 21, 1951

**No. 56060.**—SUIT 4697.—United States *v.* Racine Woolen Manufacturing Company.— (Appeal dismissed September 28, 1951.)

BEFORE THE FIRST DIVISION, NOVEMBER 27, 1951

**No. 56061.**—Traders International Corporation *v.* United States, protest 143016–K (St. Louis).

Opinion by OLIVER, C. J. Following the authorities cited in Abstract 15400 the court dismissed the protest.